**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

**FRANTZ MARC,**

      **Petitioner,**

      **v.**

**DAVID WESLING,**
*Boston Field Office Director,*
*U.S. Immigration and Customs Enforcement,*
**ANTONE MONIZ,**
*Superintendent of Plymouth County Correctional Facility,*
**DAVID VENTURELLA,**
*Acting Director U.S. Immigrations and Customs Enforcement,*
**MARKWAYNE MULLIN***,*
*U.S. Secretary of Homeland Security,*
**TODD BLANCHE,**
*Acting Attorney General of the United States,*

      **Respondents.**

**Civil Action No. 26-13154-BEM**

---

**ORDER CONCERNING SERVICE OF PETITION**
**AND STAY OF TRANSFER OR REMOVAL**

**MURPHY, J.**

Petitioner **FRANTZ MARC** has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, contending that he is being unlawfully confined and seeking his release from custody.  Upon review of the petition, the Court hereby directs and orders as follows:

**I.**      **Service of Petition**

To ensure that the relevant government officials have notice of this order, the Clerk shall serve a copy of the petition upon Respondents and the United States Attorney for the District of Massachusetts.

II.    **Response to Petition**

Respondents shall determine whether Petitioner is a member of the class certified in *Guerrero Orellana v. Moniz*, No. 25-CV-12664-PBS (D. Mass.), and notify the Court no later than **1:00 p.m. on Friday, July 10, 2026**. If Petitioner is found to be a member of the *Guerrero Orellana* certified class, Respondents shall, at the same time, notify the Court as to whether Petitioner is being detained under 8 U.S.C. § 1225(b)(2) as interpreted in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). As part of their response regarding Petitioner's class membership, whether in the negative or the affirmative, Respondents are directed to include, at least, copies of any Notices to Appear, Warrants for Arrest of Alien, or Notices of Custody Determination issued in connection with Petitioner's current detention. If Respondents concede that the legal issues presented in Petitioner's petition are similar to those of cases in which this Court has concluded that 8 U.S.C. § 1226 governed the detention at issue, or otherwise concede that 8 U.S.C. § 1226 governs Petitioner's detention, and a warrant has **not** been provided, **Petitioner will be ordered released**.

Respondents shall provide any further answer to the Petition, if necessary, no later than **1:00 p.m. on Wednesday, July 15, 2026**. If Respondents contend that Petitioner is detained pursuant to 8 U.S.C. § 1231(a)(6), and if more than six months have elapsed since the beginning of Petitioner's "removal period," *see id.* § 1231(a)(1), Respondents are directed to include in their response, at least, any materials relevant to the question of whether Petitioner's removal is "reasonably foreseeable," *see Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

**If Respondents fail to respond as directed by either of the above deadlines, the Court will assume that Petitioner's detention is unlawful and order that Petitioner be immediately released.**

**III.    <u>Jurisdiction</u>**

The protections of the Constitution apply to all persons within the jurisdiction of the United States, including citizens and noncitizens alike, and including those persons who are present in the United States without authorization.  *See Plyler v. Doe*, 457 U.S. 202, 210 (1982) (noting that "[a]liens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments").

Although a federal district court does not generally have subject-matter jurisdiction to review orders of removal issued by an immigration court, *see generally* 8 U.S.C. § 1252, it does have habeas jurisdiction to review the lawfulness of immigration-related detention.  28 U.S.C. § 2241(a); *Hernandez-Lara v. Lyons*, 10 F.4th 19, 33 (1st Cir. 2021).

Here, it appears that the relief sought is not review of an immigration order or an injunction or stay preventing the execution of such an order.  Instead, the petition alleges that Petitioner was subject to arrest and detention in violation of the Constitution and laws of the United States.  The Court thus preliminarily concludes that it has subject-matter jurisdiction to consider the petition.

Even if this Court ultimately concludes that it does not have jurisdiction over this petition, the Court nonetheless has power to act to preserve the status quo in the near term.  A federal court "always has jurisdiction to determine its own jurisdiction," including its own subject-matter jurisdiction.  *Brownback v. King*, 592 U.S. 209, 218–19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)).  In order to give the Court an opportunity to consider whether it has subject-matter jurisdiction, and if so to determine the validity of the habeas petition, the Court may order Respondents to preserve the status quo.  *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (ruling that "the District Court ha[s] the power to preserve existing conditions while it [is] determining its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous).  Such an order is valid unless and until it is overturned, even when the

issuing court ultimately lacks subject-matter jurisdiction to determine the merits of the underlying action. *See id.* at 294–95. That principle applies with even greater force where the action enjoined would otherwise destroy its jurisdiction or moot the case. *See United States v. Shipp*, 203 U.S. 563, 573 (1906).

## IV.    Order

In order to provide an opportunity for a fair and orderly consideration of this matter and to resolve any contested issues, and unless otherwise ordered by the Court, it is hereby ORDERED as follows:

### A.    Stay of Transfer or Removal

The petition alleges that Petitioner is being held in the District of Massachusetts and is currently detained in **Plymouth County Correctional Facility in Plymouth, Massachusetts**. Petitioner shall not be transferred to another district unless Respondents provide advance notice of the intended move. Such notice shall be filed in writing on the docket in this proceeding and shall state the reason why Respondents believe that such a movement is necessary and should not be stayed pending further court proceedings. Once that notice has been docketed, Petitioner shall not be moved out of the District for at least 72 hours from the time of that docketing.

If Respondents contest that Petitioner is presently confined in the District of Massachusetts, Respondents shall file a notice in writing on the docket stating the name and location of the facility in which Petitioner is confined. Such notice shall be provided promptly after Respondents become aware of that fact.

Petitioner shall not be deported, removed, or otherwise transferred outside the United States until further order of this Court.

4

**B.**     **Measurement of Time Periods**

If either of the time periods stated in hours "would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(2)(C).

If either of the time periods stated in days "would end on a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." *Id.* 6(a)(1)(C).

Any of the time periods may be shortened or extended as may be appropriate by further order of the Court.

**So Ordered.**

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court

**Issued at Boston, Massachusetts**
**July 9, 2026**
**3:25 p.m.**